## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**SCOTT A. STANLEY,**
      **Petitioner,**

**v.**                                          **Case No. 4:09cv163/SPM/MD**

**KENNETH S. TUCKER,**
      **Respondent.**

_____

## REPORT AND RECOMMENDATION

This case is before the court on Scott A. Stanley's ("Mr. Stanley") March 25, 2009 petition for habeas corpus (doc. 1), later amended (docs. 5 and 8), filed pursuant to 28 U.S.C. § 2254. Respondent filed an answer (doc. 22) and relevant portions of the state court record (doc. 30). Mr. Stanley filed a response to the answer (doc. 24). The matter was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Mr. Stanley is not entitled to relief, and the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On May 16, 2005, Mr. Stanley was charged with count 1 resisting officer with violence, and count 2 battery on law enforcement officer in violation of Sections

843.01 and 784.07(2)(b) respectively, Florida Statutes, in the Circuit Court of Leon County, Florida in case number 05CF01616 (doc. 30, ex. A)[1].  The charges stemmed from an incident on May 5, 2005 where Mr. Stanley bit the leg of correctional officer Sgt. Bill Parramore ("victim") while being escorted from his cell to the jail's medical department (ex. B).  On February 7, 2006, Mr. Stanley was found guilty by a jury of both charges (exs. B and S).  The court sentenced him to five years in prison for count 1 and five years probation on count 2, both to run consecutively to any prior sentences that he was currently serving, with 278 credit days (ex. B, pp. 147-157 and ex. C).  On February 18, 2006, Mr. Stanley filed a notice of appeal with the Florida First District Court of Appeal ("First DCA"), but on October 20, 2006 filed a notice of voluntary dismissal (ex. D).

On October 25, 2006, Mr. Stanley filed a motion to vacate sentence and judgment pursuant to Rule 3.850, Florida Rules of Criminal Procedure, and later addenda with exhibits ("First Post-Conviction Relief Motion") (ex. E).  The Rule 3.850 court held an evidentiary hearing on April 13, 2007 at which Mr. Stanley and his trial counsel testified (ex. F).  At the hearing, Mr. Stanley added several grounds to his motion, and the court denied his motion in its entirety at the conclusion of the hearing (exs. F and G).  Mr. Stanley filed a motion for rehearing on May 14, 2007, which the Rule 3.850 court denied on May 25, 2007 (ex. H).

On June 4, 2007, Mr. Stanley filed a Notice of Appeal with the First DCA (ex. I).  He raised six issues in his initial brief:  (1) "The [Rule 3.850] court erred by failing to address every issue raised within [his] motion for post-conviction relief;" (2) "Trial counsel was ineffective by failing to object to prosecutorial misconduct and inadmissible collateral acts;" (3) "Trial counsel was ineffective by failing to subject prosecution's case to meaningful adversarial testing and failing to present favorable

---

[1]Hereinafter, all references to exhibits will be to those provided at Doc. 30.

witnesses and evidence;" (4) "Trial counsel was ineffective by failing to explore [his] psychiatric condition;" (5) "Trial counsel was ineffective by failing to request proper jury instruction and the trial court made fundamental error by failing to properly instruct the jury sua sponte;" and (6) "The trial court erred by refusing to allow [him] to submit to a computerized voice-stress analysis, which is admissible evidence, to confirm the truthfulness of his statements."  Ex. J, pp. 2-3.  The state filed its answer (ex. K) and Mr. Stanley a reply (ex. L).  On September 18, 2008, the First DCA *per curiam* affirmed the Rule 3.850 court's denial of post-conviction relief (ex. M).

On October 24, 2008, Mr. Stanley filed another motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, allegedly based on newly discovered evidence ("Second Motion for Post-Conviction Relief") (ex. N).  The Rule 3.850 court denied the motion as untimely in an order dated September 11, 2009 (ex. O).  Mr. Stanley filed a motion for rehearing, which the Rule 3.850 court denied on October 2, 2009 (ex. P).  Mr. Stanley appealed to the First DCA, which affirmed without issuing an opinion on January 22, 2010 (ex. R).

Mr. Stanley filed the instant petition for federal writ of habeas corpus on March 25, 2009 (doc. 1), later amended (docs. 5 and 8), and respondent concedes its timeliness (doc. 22, p. 4).

## STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19 (1996).  In relevant part, Section 2254 provides:

(d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006).

The Supreme Court explained the framework for Section 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2]  Section 2254(d)(2) must be divided into two separate inquiries:

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412–13 (O'Connor, J., concurring).  The federal habeas court "determining whether [it] should overturn the state courts' [sic] rejection of the claim at issue" should "review the highest state court decision disposing of the claim."  *Harvey v. Warden, Union Corr. Inst.*, 629 F.3d 1228, 1237 (11th Cir. 2011); *see also Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 173 L. Ed. 2d 251(2009).

---

[2] Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

Following the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when the Supreme Court's holding embodies the legal principle; dicta in opinions is not controlling. *Thaler v. Haynes*, __ U.S. __, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010). Furthermore, a federal court of appeals decision, "even a holding directly on point," cannot clearly establish federal law for Section 2254 purposes. *Bowles*, 608 F.3d at 1316 (citing *Renico v. Lett*, __ U.S. __, 130 S. Ct. 1855, 1866, 176 L. Ed. 2d 678 (2010)).

After identifying the governing legal principle, the court determines whether the state court adjudication is "contrary to" clearly established Supreme Court case law, either because the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or because it "confronts a set of facts that is materially indistinguishable from a decision of [the] Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141, 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005); *see* 28 U.S.C. § 2254(d)(1). The state court does not need to cite to Supreme Court cases or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of petitioner's claim.

If the state court decision is not contrary to clearly established federal law, the federal habeas court must then determine whether the state court "unreasonably

applied" the governing legal principles set forth in the Supreme Court's cases.  28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412–13.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record the court had before it.  *Williams*, 529 U.S. at 409; *see Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1400, 179 L. Ed. 2d 557 (2011) (holding new evidence introduced in federal habeas court has no bearing on Section 2254(d)(1) review, rejecting dicta in *Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam)).  A state court's application of federal law is objectively unreasonable when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Brown*, 544 U.S. at 141.  However, a state court may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles*, 556 U.S. at 261.  Notably, even a state court's incorrect application of law will not warrant federal habeas relief unless it is also objectively unreasonable.  *See Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785-86, 178 L. Ed. 2d 624 (2011).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  As with the "unreasonable application" clause, the Supreme Court applies the "objectively unreasonable" test to the state court's factual determination. *Miller-El v. Cockrell*, 537 U.S. 322, 324, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (dictum).  Petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively

unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1).

The Eleventh Circuit in *Gill* clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests. *Id.* at 1288-89. Mr. Gill's petition alleged he was denied his Sixth Amendment right to counsel.[3] *Id.* at 1288. The Eleventh Circuit granted a limited Certificate of Appealability to determine the precise issue of the validity of "summary affirmance by a state appellate court of a trial court's decision based on potentially flawed reasoning." *Id.* at 1286.[4]

The *Gill* court acknowledged the well-settled principle that summary affirmances, such as the Second DCA's, are presumed adjudicated on the merits and warrant deference. *Id.* at 1288 (citing *Harrington*, 131 S. Ct. at 784-85 and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or

---

[3] Mr. Gill twice moved the trial court in pretrial hearings to allow him to waive his Sixth Amendment right to counsel. *Gill*, 633 F.3d at 1275-84; U.S. Const. amend. VI. The trial court denied the first motion concluding that Mr. Gill's waiver of counsel was not knowing and intelligent. *Gill*, 633 F.3d at 1278; *see Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) (accused must "knowingly and intelligently" waive representation). The trial court also denied the second motion, but allowed Mr. Gill to act as co-counsel for himself only for determining trial strategy. *Gill*, 633 F.3d at 1284. After Mr. Gill was convicted and timely requested post-conviction relief, the Florida Second District Court of Appeal ("Second DCA") affirmed without opinion the trial court's denial of said relief. *Id.* at 1284-85. Mr. Gill then filed a petition in federal court, which the district court denied with prejudice. *Id.*

[4] The Eleventh Circuit reviewed Mr. Gill's claims that the district court erred in its habeas corpus analysis as to two issues. First, Mr. Gill argued that the habeas court erred by "failing to review on the merits the 'legally and factually unsupported rationale' articulated by the state trial court." *Gill*, 633 F.3d at 1288. Second, Mr. Gill argued the habeas court's decision was *per se* erroneous because it "relied on a finding that the state court did not make." *Id.* Specifically, Mr. Gill averred that the trial court denied relief by finding that his Sixth Amendment waiver was not knowing and intelligent, while the federal district court denied relief by finding that he "never clearly and unequivocally" waived his right to counsel. *Id.*

unreasonably determined the facts requires only a decision, not an opinion.  *Id.* at 1291 (citing *Harrington*, 131 S. Ct. at 784).  Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244-45 (5th Cir. 2002) (summarizing the emerging circuit split)).  The Eleventh Circuit in *Gill* concluded that district courts must apply the plain language of Section 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning."  *Id.* at 1291 (agreeing with the Fifth Circuit court in *Neal*, 286 F.3d at 244-45).  In short, the Eleventh Circuit held that "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*[5]

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it.  *Id.* at 1292.  A federal habeas court can consider the full record before it in order to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Lockyer*, 538 U.S. at 64; *Gill*, 133 F.3d at 1290.

The Supreme Court recently summarized the meaning and function of habeas corpus in the federal system:

> Under §2254, a habeas court must determine what arguments or theories supported or . . . could have supported [ ] the state court's

---

[5]  Applying this analysis, the Eleventh Circuit rejected Mr. Gill's claim that the district court erred by relying on different grounds than the trial court because Mr. Gill's basic premise—the Second DCA's summary affirmance relied on the trial court's statements from the bench—was not dispositive. *Id.* at 1288.

**decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of this Court.**

*Harrington,* 131 S. Ct. at 786*.  *Federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's conclusion." *Id.* (internal quotations omitted)

The federal habeas court will take the final step of conducting an independent review of the merits of petitioner's claims only if it finds that petitioner satisfied AEDPA and Section 2254(d).  *See Panetti v. Quarterman*, 551 U.S. 930, 953-54, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).  The writ will not issue unless petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).  When performing its review under Section 2254(d), the federal court must resolve all claims for relief regardless of whether habeas relief is granted or denied.  *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc); *see also Puiatti v. McNeil*, 626 F.3d 1283, 1307 (11th Cir. 2010).  The federal court must also bear in mind that state court factual determinations are presumed to be correct, and petitioner bears the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002) (AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson v. Anderson*, 112 F.3d 823, 824-25 (noting petitioner has heavier burden to overcome the presumption of factual correctness).  "If this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

## OTHER CONTROLLING LEGAL PRINCIPLES

### Ineffective assistance of counsel

Petitioner contends in his grounds for relief before this court that he was denied his constitutional right to the effective assistance of counsel.   The Constitution provides that: "[i]n all criminal prosecutions, the accused shall enjoy the right. . .to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.  To prevail on a claim of ineffective assistance of counsel, petitioner must prove that:    (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 677-78, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *see also Berghuis v. Thompkins,* __ U.S. __, 130 S. Ct. 2250, 2264-65, 176 L. Ed. 2d 1098 (2010).  Reasonableness of representation does not implicate what is possible, prudent, or even appropriate, but only what is "constitutionally compelled."  *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114, 97 L. Ed. 2d 638 (1987)).

In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance.  *Chandler*, 218 F.3d at 1314.  Courts must make "every effort. . .to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Chandler*, 218 F.3d at 1314 (the *Strickland* standard compels courts to "avoid second-guessing counsel's performance").  The Eleventh Circuit has summarized the standard and the burden:

> Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds

> unless it is shown that no reasonable lawyer, in the circumstances, would have done so.  This burden, which is petitioner's to bear, is and is supposed to be a heavy one.  And, "[w]e are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial . . . worked adequately."  *See White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992).  Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see also Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) (the test is not whether counsel could have done more); *Atkins v. Singletary*, 965 F.2d 952, 960 (11th Cir. 1992) (". . .the Constitution requires a good deal less than maximum performance.")

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding."  *Strickland,* 466 U.S. at 693; *see also Marquard v. Sec'y for Dep't of Corr.*, 429 F.3d 1278, 1305 (11th Cir. 2005). Petitioner must show a reasonable probability exists that the outcome would have been different.  *Frazier v. Bouchard*, 661 F.3d 519, 532 (11th Cir. 2011); *Marquard*, 429 F.3d at 1305 (petitioner's burden under the prejudice prong is high); *Strickland*, 466 U.S. at 694.   In applying *Strickland*, the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697 ("If  it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice. . .that course should be followed.").

The *Strickland* standard exists to prevent petitioners from abusing the post-trial process by escaping rules of waiver or presenting new issues; it should be "applied with scrupulous care" to protect the integrity of the adversary process. *Harrington*, 131 S. Ct. at 788.  As it relates to habeas corpus applications, the Supreme Court emphasized:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so.

> The *Strickland* standard is a general one, so the range of reasonable
> applications is substantial.  Federal habeas courts must guard against
> the danger of equating unreasonableness under *Strickland* with
> unreasonableness under § 2254(d).  When § 2254(d) applies, the
> question is not whether counsel's actions were reasonable.  The
> question is whether there is any reasonable argument that counsel
> satisfied *Strickland*'s deferential standard.

*Id.* (citations omitted); *Knowles*, 556 U.S. at 262 (*Strickland* claims evaluated under § 2254(d)(1) require "doubly deferential" judicial review).

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact.  *Strickland*, 466 U.S. at 698; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).  "'The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable, [which] is different from asking whether defense counsel's performance fell below *Strickland*'s standard.'"  *Jones v. Sec'y, Dep't of Corr.*, 644 F.3d 1206, 1209 (11th Cir. 2011) (quoting *Harrington*, 131 S. Ct. at 785).  Habeas claims of ineffective assistance of counsel require "doubly deferential" judicial review under Section 2254(d) and *Strickland*, and petitioners only rarely prevail on this ground.  *See Rogers*, 13 F.3d at 386.

## Exhaustion of state remedies and procedural default

A petitioner defaults on an issue unless the petitioner first exhausts available state court remedies so the state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam); *see* 28 U.S.C. § 2254(b)(1)(A) (applicant must exhaust available state court remedies); 28 U.S.C. §

2254(b)(3) (state may rely on exhaustion requirement unless it expressly waives the right).  *But see* 28 U.S.C. § 2254(b)(2) (application may be denied on the merits even when applicant fails to exhaust state remedies).  To satisfy the exhaustion requirement, petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  *Duncan*, 513 U.S. at 365-66;  *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (same).  This affords the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

"Fair presentation" requires that, in each claim for relief, petitioner include a reference to a specific federal constitutional guarantee and a statement of the facts that entitle petitioner to relief.  *Picard v. Connor*, 404 U.S. 270, 278, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  To satisfy the exhaustion requirement, petitioner must present the same facts and claims in state court about which he petitions the federal court.  *Id.*  Appeals to a broad, general constitutional guarantee also fail to present the "substance" of such a claim to the state court.  *See Anderson v. Harless*, 459 U.S. 4, 7, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) (petitioner cited federal authority only by referring to a state court decision in which "the defendant. . . asserted a broad federal due process right to jury instructions that properly explain state law" (internal quotation marks omitted)).  A state prisoner's claim is not fairly presented if the state court "must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material. . .."  *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004).  However, when a petitioner squarely raises a federal constitutional claim in state court, the "failure of a state court to mention a federal claim does not mean the claim was not presented to it."  *Dye v. Hofbauer*, 546 U.S. 1, 3, 126 S. Ct. 5, 163 L. Ed. 2d 1 (2005).

And, simply labeling the claim "federal" may be sufficient to fairly present the claim. *Baldwin*, 541 U.S. at 32 (dictum)*.*

The Eleventh Circuit requires specific reference to the United States Constitution and favors citations to federal cases. *Zeigler v. Crosby*, 345 F.3d 1300, 1307-08 and n.5 (11th Cir. 2003) ("Cursory and conclusional sentences (unaccompanied by citations to federal law) . . . did not present to the Florida courts the federal claim asserted to us."). This stricter standard requires petitioner to differentiate a claim under the United States Constitution from one under a state constitution. *Id.* at n.5; *McNair v. Hall*, 416 F.3d 1291, 1302-03 (11th Cir. 2005) ("a habeas applicant [must] do more than scatter some makeshift needles in the haystack of the state court record" (internal citations omitted)). If state and federal constitutional law overlap in their applicability to petitioner's claim, he must raise his issue in terms of the federal right in state court to obtain federal review of the issue. *Duncan*, 513 U.S. at 366; *see also Anderson*, 459 U.S. at 7 and n.3 (petitioner's citation to a state-court decision predicated solely on state law is probably insufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited state case advanced a federal claim).

A claim is procedurally defaulted and barred from federal review in two instances: (1) if it was raised in state court and rejected on the independent and adequate state ground of procedural bar or default; or (2) if it was not properly raised in state court and can no longer be litigated under state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n.1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *see also Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (state court's rejection of petitioner's constitutional claim on state procedural grounds generally precludes subsequent federal habeas review of that claim). Unless the federal court determines the state court "clearly and expressly" relied on independent and adequate state grounds, the

federal court may address the petition.[6]  *Coleman*, 501 U.S. at 735.  However, when any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, the default is *per se* adequate state grounds independent of the federal question.  *Id.* at 735 n.1; *Harris v. Reed*, 489 U.S. 255, 263 n.9, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) (federal habeas court need not require a federal claim be presented to a state court if the state court would hold the claim procedurally barred).

The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question.  *Lee,* 534 U.S. at 375.  To foreclose federal review, the state procedural bar must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991).  A state procedural bar is firmly established and regularly followed when the state has put litigants on notice of the rule, and the state has a legitimate interest in the rule's enforcement.  *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006).

To overcome a procedural default so that the federal habeas court may reach the merits of a claim, petitioner must show either "cause for the default and actual prejudice resulting therefrom," or a fundamental miscarriage of justice.  *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004); *High v. Head*, 209 F.3d 1257, 1261 (11th Cir. 2000).  Cause exists when an external impediment, such as governmental interference or the reasonable unavailability of the factual basis for the claim prevented petitioner from raising the claim.  *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (superseded by AEDPA statute, but holding is still good law as cited and followed by the Eleventh Circuit in *High*, 209 F.3d at 1262-63).  Recently the Supreme Court found cause due to petitioner's out-of-state counsel, who were on

---

[6]  The "adequate and independent state grounds" rule applies equally to procedural and substantive state-law grounds.  *Lee v. Kemna*, 534 U.S. 362, 375 (2002).

record as representing him in post-conviction proceedings, abandoned him without leave of court, without informing him they could no longer represent him, and without securing any recorded substitution of counsel. *Maples v. Thomas*, --- S. Ct.---, 2012 WL 125438, *14 (January 18, 2012).   Therefore, petitioner had no knowledge that his time to appeal had lapsed, and showed ample cause to excuse the procedural default. *Id.*

To meet the miscarriage of justice exception, petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" because "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (superseded by AEDPA statute, but holding is still good law as cited and followed by the Eleventh Circuit in *High*, 209 F.3d at 1270).   Further:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.   To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*   In short, actual innocence claims opening the gate for the miscarriage of justice exception are summarily rejected in virtually every case.   *Id.*

### Deference to state court findings of fact

Federal habeas courts defer to the state court's findings of fact, unless petitioner shows by clear and convincing evidence that it was unreasonable.  *See* 28 U.S.C. § 2254(d)(2); 28 U.S.C. § 2254(e)(1); *Callahan v. Hall*, 427 F.3d 897, 926 (11th Cir. 2005) (quoting the statute's language) ("[Section] 2254(d)(2) allows for relief where the state court adjudication 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding.'").   Under the AEDPA, the state court does not have to explicitly state its findings of fact.  *See Blankenship v. Hall*, 542 F.3d 1253, 1271-72 (11th Cir. 2008).  State court findings of fact can be implied from the opinion and the record when they are necessary to the Rule 3.850 court's rejection of a petitioner's claim.  *Id.*  These implicit findings are entitled to deference.  *Id.*  As explained in the Standard of Review, *supra*, the state court is not required to cite or be aware of the relevant Supreme Court precedent as long as its conclusion is not contradictory. *Early*, 537 U.S. at 8.  A summary adjudication with a brief, or total lack of, statement of reasons is still an adjudication on the merits.  *Harrington*, 131 S. Ct. at 780, 784; *see Childers v. Floyd*, 642 F.3d 953, 968 (11th Cir. 2011) ("an 'adjudication on the merits' is best defined as any state court decision that does not rest solely on a state procedural bar.")

Under Eleventh Circuit precedent, the habeas court will "'look through' a summary decision to the 'last reasoned decision' on the issue."  *McGahee v. Ala. Dep't of Corr.*, 560 F.3d 1252, 1262 n.12 (11th Cir. 2009) (quoting *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1317 (11th Cir. 2006)); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 802, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991) (quoting *Coleman*, 501 U.S. at 740) (the *Harris* presumption only applies after the habeas court determines that "'the relevant state court decision. . .fairly appear[s] to rest primarily on federal law or [is] interwoven with [federal] law.'")

## PETITIONER'S GROUNDS FOR RELIEF

### I.        PROCEDURALLY DEFAULTED

**Ground 1**    <u>**Trial counsel was ineffective by failing to obtain proper jury instructions, which resulted in severe prejudice to the entire defense presented by the accused.**</u>

Mr. Stanley argues the trial judge offered to give the jury an instruction on justifiable use of non-deadly force (self-defense), but his counsel rejected the same (doc. 8, p. 5).  Mr. Stanley also contends that his "[c]ounsel failed to object to the trial court instructing the jury that the officer was in the lawful execution of a legal duty at the time of the offense, thus establishing a disputed element as substantiated fact." *Id*.

**State Court Decision**

The Rule 3.850 court held an evidentiary hearing (ex. F) and issued an opinion incorporating its ruling denying post-conviction relief as detailed at the conclusion of the hearing (ex. G).  The Rule 3.850 court denied this claim, #11 at the evidentiary hearing, but only as to the self-defense instruction by concluding that it was a legitimate strategic call by his counsel, and found no basis to support ineffectiveness or prejudice (ex. F, p. 147).  The First DCA affirmed without issuing an opinion (ex. M).

**Federal Review of State Court Decision**

Respondent contends that Ground 1 was not presented in Mr. Stanley's appeal to the First DCA as required, thus it was abandoned (doc. 9, pp. 7-16).  The court agrees.  Mr. Stanley asserted Ground 1 only as to the self-defense jury instruction at his Rule 3.850 evidentiary hearing (ex. F, p. 58-63), but in his initial brief before the

First DCA he changed his argument and instead contested that the trial court instructed the jury that the victim was engaged in a lawful duty when the incident occurred (ex. J, pp. 31-33).  It was not until his reply brief on direct appeal that Mr. Stanley mentions the self-defense jury instruction argument (ex. L, pp. 19-21).  Therefore, since Mr. Stanley did not include the self-defense jury instruction argument of his Ground 1 before the First DCA on direct appeal, he abandoned it.  *Atwater v. Crosby*, 451 F.3d 799, 809-11 (11th Cir. 2006) (holding that under Florida law asserting an issue in a reply brief is too late because it is considered abandoned); *see also Hall v. State*, 823 So.2d 757, 763 (Fla. 2002) ("an issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief.")  Moreover, since Mr. Stanley could have contested the lawful duty instruction in his Rule 3.850 motion, but did not, it is procedurally defaulted.

Now, any further attempt at exhaustion in Florida courts would be futile because Mr. Stanley's claim would be procedurally barred under Florida law.  *See Rodriquez v. State*, 919 So.2d 1252, 1262 n. 7 (Fla. 2005) (holding that issues were procedurally barred because they should have been, but were not, raised on direct appeal); *Smith v. State*, 445 So.2d 323, 325 (Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.") Lastly, Mr. Stanley has made none of the requisite showings to excuse his default.  Ground 1 is therefore barred from federal review by this court.  *Coleman*, 501 U.S. at 734-35 and n.1; *Bailey*, 172 F.3d at 1302-03; *Judd*, 250 F.3d at 1313.

**Ground 3      Counsel was ineffective by attempting to enter the written statements of favorable witnesses in the place of live testimony at trial, which prejudiced the defense.**

Mr. Stanley alleges that his defense counsel's attempt to introduce favorable witnesses' statements as evidence at trial in lieu of their live testimony constitutes ineffective assistance of counsel (doc. 8, pp. 9-10).  He explains that the prosecutor objected on hearsay basis, and the trial court sustained the objection and disallowed their introduction to the record.  *Id*.  Mr. Stanley contends this caused him prejudice because the prosecutor later argued that he had written the statements.  *Id*.

Mr. Stanley argued this claim in his First Rule 3.850 motion and addenda (ex. E) and also at the evidentiary hearing as Ground 4 (ex. F, pp. 24-28).

**State Court Decision**

At the evidentiary hearing, Mr. Stanley's defense counsel testified that she only tried to introduce the statements to show that they existed, but that she did not want the authors to testify because they did not witness the incident and their credibility was not good because they were convicted murderers (ex. F, pp. 75-137). The Rule 3.850 court concluded that this was proper strategy because "it is an effective technique to at least reference to these matters. . . in a safe way without exposing  her client to the damage of all these inmates coming in."  *Id*. at 143.

**Federal Review of State Court Decision**

Respondent argues that this claim was not exhausted by Mr. Stanley (doc. 22, pp. 20-25).  The court agrees.  In his appeal brief, under Point Three "Trial counsel was ineffective by failing to subject prosecution's case to meaningful adversarial testing and failing to present favorable witnesses and evidence," Mr. Stanley mentions the witness statements, but does not argue that his trial counsel was

ineffective because she attempted to introduce them at trial (ex. J, pp. 26-27). Instead, he argues that his counsel was aware of their existence, but failed to call these witnesses to testify on his behalf.  *Id.*  He speculates that the witnesses would have been favorable to him and would have corroborated his version of the events. *Id.*

By not presenting this claim to the First DCA on direct appeal in the same specific manner that he argued it to the Rule 3.850 court, Mr. Stanley abandoned it. Now, any further attempt at exhaustion in Florida courts would be futile because Mr. Stanley's claim would be procedurally barred under Florida law.  *See Rodriquez v. State*, 919 So.2d 1252, 1262 n. 7 (Fla. 2005) (holding that issues were procedurally barred because they should have been, but were not, raised on direct appeal); *Smith v. State*, 445 So.2d 323, 325 (Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.") Mr. Stanley has made none of the requisite showings to excuse his default. Ground 3 is therefore barred from federal review by this court.  *Coleman*, 501 U.S. at 734-35 and n.1; *Bailey*, 172 F.3d at 1302-03; *Judd*, 250 F.3d at 1313.

**Ground 5**     <u>The state prejudiced the defense by failing to disclose evidence that was procedurally and materially favorable to the defense.</u>

Mr. Stanley alleges that the state committed a *Brady*[7] violation by failing to produce videotapes from incidents that occurred from January 22, 2005 to February 20, 2005, prior to the May 5, 2005 incident at issue in this case (doc. 8, pp. 14-21). He argues the prosecutor purposefully concealed their existence.  *Id.*  Mr. Stanley asserts these videos supported his defense that the victim was the aggressor, and that he only acted in self-defense.  *Id.*

---

[7]*Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963).

Mr. Stanley presented a version of this claim in his First Rule 3.850 motion and addenda (ex. E), as well as at the evidentiary hearing as Ground 6 (ex. F, pp. 30-35). He argued it as another reason his defense counsel was allegedly ineffective at trial. *Id*.

### State Court Decision

At the evidentiary hearing, the Rule 3.850 court expressed doubt that these prior videotapes, even if they existed, would have been relevant and admissible (ex. F, p. 144). In fact, the court stated that "[i]f it were me and the state tried to admit them under the *Williams* rule standard, I wouldn't admit it." *Id*. The Rule 3.850 court could not establish under any good faith belief that the state was withholding evidence or destroyed evidence. *Id*. at 145. The court reasoned that Mr. Stanley's defense counsel conducted proper discovery and the video of the incident at issue was produced by the state. *Id*. It concluded that there was no was no basis for ineffective assistance of counsel under *Strickland*. *Id*.

### Federal Review of State Court Decision

Respondent correctly points out that Mr. Stanley did not present this ground to the state court as a stand alone *Brady* violation claim, but as the basis for an ineffective assistance of counsel claim (doc. 22, pp. 33-41). Mr. Stanley argued before the Rule 3.850 court that his defense counsel should have moved for dismissal due to these alleged Brady violations (exs. E and F, pp. 30-35). The Rule 3.850 court ruled on that claim at the evidentiary hearing (ex. F, pp. 144-145), and later added that "any allegations in the motion that have not been covered by evidence by Mr. Stanley" were considered waived (ex. F, p. 150).

In his direct appeal to the First DCA, Mr. Stanley averred that the Rule 3.850 court failed to address all of his claims at the evidentiary hearing (ex. J, pp. 12-15). He mentioned this claim, among others. *Id*. The First DCA affirmed without issuing an opinion (ex. M). Because he did not present this specific claim to the Rule 3.850

court or to the First DCA on appeal, it was abandoned.  The related ineffective assistance of counsel claim he presented to the Rule 3.850 court was also abandoned because it was not included in his appeal to the First DCA.  Both versions of this claim are thus unexhausted.

Any further attempt at exhaustion in Florida courts would be futile because Mr. Stanley's claims would be procedurally barred under Florida law.  *See Rodriquez v. State*, 919 So.2d 1252, 1262 n. 7 (Fla. 2005) (holding that issues were procedurally barred because they should have been, but were not, raised on direct appeal); *Smith v. State*, 445 So.2d 323, 325 (Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.")  Mr. Stanley has made none of the requisite showings to excuse his default. Ground 5 is therefore barred from federal review by this court.  *Coleman*, 501 U.S. at 734-35 and n.1; *Bailey*, 172 F.3d at 1302-03; *Judd*, 250 F.3d at 1313.

**Ground 6**     <u>Mr. Stanley was subjected to double jeopardy for the same criminal act.</u>

Mr. Stanley contends that both charges, resisting an officer with violence and battery on a law enforcement officer, are the same with "the only difference between the two [being] a mere form of words" (doc. 8, pp. 21-22).  He alleges that since the charges stem from the same incident, then it is double jeopardy.  *Id*.

<u>State Court Decision</u>

After conducting a thorough evidentiary hearing, the Rule 3.850 court denied Mr. Stanley's First Rule 3.850 motion and addenda in its entirety (ex. F).  The First DCA affirmed without issuing an opinion (ex. M).

<u>Federal Review of State Court Decision</u>

Mr. Stanley did not present this claim before the Rule 3.850 court or in his appeal to the First DCA (exs. E, F and J).  It is therefore barred from federal review

by this court.  *Coleman*, 501 U.S. at 734-35 and n.1; *Bailey*, 172 F.3d at 1302-03; *Judd*, 250 F.3d at 1313.


## II.    MERITS


**Ground 2    Trial counsel was ineffective by failing to make proper objection to inadmissible hearsay evidence, collateral acts evidence and prosecutorial misconduct, which caused severe prejudice to the defense.**

Mr. Stanley avers that his counsel was ineffective because she failed to object to numerous comments by the prosecutor and testimony that characterized him as a "special needs inmate" (doc. 8, pp. 7-9).  Specifically, Mr. Stanley cites to the trial record of the prosecutor referring to him as a "behavior problem," "security risk," "disciplinary problem," and "safety concern," just to name a few.  *Id.*  Mr. Stanley presented this claim as Ground 1 in his First Rule 3.850 motion's addenda (ex. E) and Ground 1 at his Rule 3.850 evidentiary hearing (ex. F, pp. 7-21).  He also mentioned this claim in his direct appeal to the First DCA (ex. J, pp. 15-17).


### State Court Decision

At the evidentiary hearing, the Rule 3.850 court determined that the testimony and argument by the prosecutor, to which Mr. Stanley objects, was relevant and not objectionable (ex. F, pp. 140-141).  The court accepted Mr. Stanley's defense counsel's testimony that she had no basis to object and agreed with her.  *Id.*  It also found that Mr. Stanley was not prejudiced under *Strickland*.  *Id.*  The First DCA affirmed per curiam (ex. M).


### Federal Review of State Court Decision

Mr. Stanley's trial counsel testified at the Rule 3.850 hearing that his being considered a "special needs inmate" was not only relevant, but necessary to their defense in order to show animosity from the victim toward Mr. Stanley (ex. F, pp. 75-

137).  The defense wanted to establish that the victim's animosity toward Mr. Stanley drove the victim to crack and attack Mr. Stanley.  *Id.*  The Rule 3.850 court not only accepted her testimony, but agreed with it.  *Id.* at 140-141.  This court must defer to the Rule 3.850 court's credibility determinations, such as this one.

Moreover, whether to object is clearly a strategy decision.  "By 'strategy,' [courts] mean no more than this concept:  trial counsel's course of conduct, that was neither directly prohibited by law nor directly required by law, for obtaining a favorable result for his client."  *Chandler*, 218 F.3d at 1314 n.14.  Matters of trial strategy and tactics, unless plainly not within the bounds of reasonableness, and even if unsuccessful, do not constitute ineffective assistance.  *Id.* at 1316 n.16.  But not every strategic decision passes constitutional muster.  Whether a particular decision by counsel was a tactical one is a question of fact, *Hardwick v. Crosby*, 320 F.3d 1127, 1163 (11th Cir. 2003), and the state court's resolution of that issue enjoys a strong presumption of correctness.  *See* 28 U.S.C. § 2254(e)(1); *Jackson v. Herring*, 42 F.3d 1350, 1367 (11th Cir. 1995); *Horton v. Zant*, 941 F.2d 1449, 1462 (11th Cir. 1991).  Whether a particular tactical decision was a reasonable one, however, is a question of law, *Hardwick,* 320 F.3d  at 1163; *Jackson*, 42 F.3d at 1367; *Horton*, 941 F.2d at 1462, and habeas relief is mandated only where the trial court's decision was either contrary to, or an objectively unreasonable application of, clearly established Supreme Court precedent, 28 U.S.C. § 2254(d)(1).

Mr. Stanley's counsel decision not to object to the testimony and comments by the prosecutor was reasonable and did not constitute ineffective assistance of counsel.  She proffered a reasonable explanation as to why the testimony and arguments by the prosecutor helped Mr. Stanley's defense.  The state court's decision was not contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. Stanley is not entitled to federal habeas relief, and the writ should not issue.

**Ground 4**     **Counsel was ineffective by entirely failing to subject the prosecution's case to meaningful adversarial testing, causing prejudice to the defense.**

Mr. Stanley argues that his trial counsel failed to introduce audiotapes of the Internal Affairs investigation of the incident (doc. 8, pp. 10-14). He also asserts that his counsel failed to demonstrate that the investigation, which found no policy violations, was one-sided and sloppy. *Id*. Mr. Stanley claims that his counsel did not properly impeach the victim. *Id*. Mr. Stanley alleges that Sgt. Kenneth Gollihue and Sgt. Albert Wheaton videotaped a prior incident between him and the victim where the victim threatened him. *Id*. He avers that his trial counsel was ineffective due to her failure to use their testimony at trial. *Id*. He contends that his counsel's acts and omissions were not the result of reasonable professional judgment. *Id*.

Mr. Stanley argued parts of this claim in his First Rule 3.850 motion and addenda (ex. E) and also at the evidentiary hearing as Grounds 8 and 12, failure to impeach the victim and failure to have Sgts. Gollihue and Wheaton testify at trial (ex. F, pp. 37-41).

###### State Court Decision

At the evidentiary hearing, the Rule 3.850 court addressed Mr. Stanley's arguments separately (ex. F, pp. 139-151). It determined that there was no basis to support his contention that his trial counsel failed to impeach the victim's testimony. *Id*. at 146. As to the testimony of Sgts. Gollihue and Wheaton, the Rule 3.850 court concluded that Mr. Stanley's motion requesting their testimony at the evidentiary hearing did not give sufficient information as to how their testimony was relevant; thus, the motion was defective. *Id*. at 147-148. Then, the court reasoned that based on defense counsel's testimony, one of the officers would not voluntarily talk to her and failed to show up at the scheduled deposition. *Id*. at 148. This, the court concluded, was a "big, red flashing sign that perhaps you might not want to call that witness. . .[and wa]s standard trial strategy." *Id*. at 148-149. It found Mr. Stanley's

counsel's testimony credible and accepted her rationale.  *Id.* at 149.  Therefore, it concluded that defense counsel was not ineffective and that Mr. Stanley was not prejudiced under *Strickland*.  *Id.* at 147-150.  The First DCA affirmed per curiam (ex. M).

<u>Federal Review of State Court Decision</u>

Respondent argues that this claim is unexhausted due to the title of the claim being different compared to the Rule 3.850 motions (doc. 22, pp. 29-30).  The court disagrees.  Despite the lack of titles in Mr. Stanley's Rule 3.850 motions and addenda, he did present parts of this claim below, albeit separately (ex. E and ex. F, pp. 37-41), and in his appeal (ex. J, pp. 18-28).  Those specific arguments are exhausted and amenable to review by this court.  The rest are unexhausted and will not be discussed herein.

Nevertheless, this claim fails.  As discussed above, this court defers to the state court's factual determinations and credibility assessments. Moreover, matters of trial strategy are not considered as ineffective assistance of counsel unless they are unreasonable.  That is not the case here.  As mentioned by the Rule 3.850 court, upon a thorough review of the trial transcript, there is nothing to support a claim that Mr. Stanley's defense counsel failed to impeach the victim.  As to the alleged favorable testimony by Sgts. Gollihue and Wheaton, it is pure speculation by Mr. Stanley and nothing in the record supports his contentions.  His defense counsel testified that she investigated the matter thoroughly and attempted to obtain their testimony as requested by Mr. Stanley (ex. F, pp. 75-137).  The Rule 3.850 court found her testimony credible and accepted her rationale not to pursue the matter further due to their lack of cooperation.  *Id.* at 148-149.

Counsel's performance was not deficient merely because it was not perfect.

"[J]udicial scrutiny of counsel's performance must be highly deferential."  Because retrospective evaluation of a lawyer's performance can be difficult, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of

> reasonable professional assistance . . . .  In light of the "strong presumption in favor of competence," we have held that in order to prove deficient performance, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take."  *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002) (quoting *Strickland*, 466 U.S. at 687, 689-90 and *Chandler*, 218 F.3d at 1315).

*United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003).  In the context of this case, Mr. Stanley must convince this court that *no other lawyer* would have proceeded as his defense counsel did.  He has not.  A court must not second-guess counsel's strategy.  *Waters*, 46 F.3d at 1518-19 (en banc).  Mr. Stanley failed to prove his trial counsel's performance was deficient or that he suffered prejudice.

The state court's ruling was not unreasonable under *Strickland*, did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. Stanley is not entitled to federal habeas relief, and the writ should not issue.

## CONCLUSION

The undersigned has carefully reviewed the trial transcript, post-conviction motions, orders, records on appeal, and all submissions in this proceeding.  Mr. Stanley's claims were either abandoned, procedurally defaulted, or are without merit.  He is not entitled to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule

11(a), Rules Governing Section 2254 Cases.  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If petitioner files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.

Accordingly, it is respectfully RECOMMENDED:

1.      That the petition for writ of habeas corpus (doc. 8) challenging the conviction and sentence in *State of Florida v. Stanley*, in the Circuit Court of Leon County, Florida, case number 05CF01616, be DENIED and the clerk be directed to close the file.

2.      That a certificate of appealability be DENIED.

At Pensacola, Florida this 18th day of July, 2012.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**